UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD A. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV549 TIA |
| | ) | |
| JOHN RABUN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Reginald A. Morgan for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state

a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Amended Complaint**

Plaintiff, a resident at the St. Louis Psychiatric Rehabilitation Center, brings this action under 42 U.S.C. § 1983 against defendants John Rabun, the Ku Klux Klan, Grand Wizard, Imperial Wizard, "Southerners," and "Confederates." Plaintiff seeks monetary relief.

Plaintiff alleges that in 1993, defendant Rabun, "thru orders of the class-defendants gave the plaintiff a shot of haldol" which caused him serious physical injuries. He further alleges that "[t]he first medication John Rabun gave [him] as haldol was not haldol but poison where the defendants tried to kill [him]. The poison was penetrating plaintiff's brain causing all types of symptoms of abnormal behavior. Plaintiff was in a rut from the single shot."

To determine the applicable limitations period for § 1983 claims, federal courts borrow state statutes of limitations for general personal injury claims. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Missouri, the applicable limitations period for general personal injury claims is five years. Mo. Rev. Stat. § 516.120(4) (2000). Plaintiff's claims allegedly took place in 1993, and thus, the instant action is untimely. See Lohman v. Kempker, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983). In addition, the complaint is factually frivolous in that the alleged facts are fantastic and delusional. Denton, 504 U.S. at 33. Consequently, the complaint shall be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint, because the amended complaint is legally frivolous and/or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel [Doc. #4 and Doc. #6], as well as his second motion for leave to proceed in forma pauperis [Doc. #7] are **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this <u>6th</u> day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE